**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| CEDRIC J. SINKFIELD, SR., | : | |
| Petitioner, | : | Case No. 3:10CV0253 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| WARDEN, Southern Ohio Correctional Facility, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**REPORT AND RECOMMENDATIONS[1]**

## I. INTRODUCTION

Petitioner, Cedric J. Sinkfield, brings this action pursuant to 28 U.S.C. §2254 to obtain relief from his convictions of two counts of Aggravated Murder, one count of Attempted Aggravated Murder and one count of Aggravated Robbery.

Sinkfield's Petition is before the Court for preliminary consideration as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Court. Rule 4 mandates dismissal of this case "[i]f it plainly appears" from Sinkfield's Petition or attached Exhibits that he "is not entitled to relief in the district court...." Applying this lenient standard to Sinkfield's Petition reveals that it plainly appears that Sinkfield's

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Petition is time-barred. A District Court may dismiss a habeas petition *sua sponte* on statute of limitations ground when conducting an initial review under Rule 4 of the rules governing § 2254 cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it).

II.  **SINKFIELD'S STATE CONVICTION AND FEDERAL HABEAS PETITION**

In December of 1991, Petitioner was convicted of two counts of Aggravated Murder, one count of Attempted Aggravated Murder and one count of Aggravated Robbery. (Doc. #1 at 1). Petitioner appealed to the Ohio Court of Appeals. (Doc. # 1 at 2). On September 1, 1993, the Court affirmed Petitioner's convictions. *See State v. Sinkfield,* 1993 Ohio 13180; 1993 Ohio App. LEXIS 4317(Ohio App. 2 Dist.). There is no record of an appeal to the Ohio Supreme Court and the Petitioner does not indicate that he filed a direct appeal in the Ohio Supreme Court.

III.  **SINKFIELD'S PETITION IS TIME BARRED**

   A.  <u>**Statute of Limitations**</u>

Petitioner's convictions became final in 1993, before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner therefore had one year after the effective date of the AEDPA (from April 24, 1996, until April 24, 1997) in which to file his action attacking the conviction. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir 2002)(§ 2254 cases); *Hyatt v. United States*, 207 F.3d 831, 832-33 (6th Cir.

2

2000) (§ 2255 cases). The Sixth Circuit has found that application of this one-year period does provide a petitioner with a reasonable time in which to file even if the petitioner does not receive notice of the requirement. *Cook*, 295 F.3d at 519-20 (no due process violation).

The AEDPA applies to Sinkfield's habeas Petition because he filed it on June 28, 2010, well after the AEDPA became effective.[2] *See Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).

The AEDPA contains a one-year statute of limitations. 28 U.S.C. §2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on direct review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] The AEDPA became effective on April 24, 1996. *See* Pub.L. No. 104-132, 110 Stat. 1214; *see also Barker*, 199 F.3d at 871.

>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In Petitioner's case, his conviction became final on April 24, 1997, one year after the effective date of the AEDPA. Petitioner did not file his petition until June 28, 2010, some thirteen years after the statute of limitations had expired.

The United States Supreme Court has recently held that the one-year statute of limitations on petitions for federal habeas relief by state prisoners is subject to equitable tolling. *Holland v. Florida,* ___U.S. ___, 2010 WL 2346549 (2010). However, Petitioner offers no explanation and presented no set of extraordinary circumstances justifying equitable tolling. Moreover, Sinkfield waited more than thirteen years to file his petition. This length of time negates the possibility that he was diligent in protecting his rights. *See Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005) (diligence is one applicable factor). Moreover, Sinkfield's Petition does not identify a reason or circumstance for his lengthy delay and does not indicate that he lacked either actual or constructive knowledge of the AEDPA's limitation period. *See Vroman v. Brigano*, 346 F.3d 598, 604-05 (6th Cir. 2003).

Accordingly, it plainly appears from Sinkfield's habeas Petition that his claims are barred by the AEDPA's one-year statute of limitations. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

## IT IS THEREFORE RECOMMENDED THAT:

1. Cedric J. Sinkfield's Petition for Writ of Habeas Corpus (Doc. #1) be DENIED and DISMISSED;

2. Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability;

3. This case be terminated on the docket of this Court; and

4. Although the undersigned concludes that dismissal pursuant to Rule 4 is warranted, the Clerk of Court is directed to serve a copy of this Report and Recommendations by electronic or regular mail on the Attorney General of Ohio, c/o Assistant Attorney General Diane Mallory, Corrections Litigation, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215 so that the Respondent may respond to objections, if any, filed by Sinkfield.

June 29, 2010

    s/Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).